RACHEL M. MILES, ADMINISTRATRIX OF THE ESTATE OF BENJAMIN MILES, DECEASED, APPELLANT, *v.* ALFRED JOHNSON, RESPONDENT.

PATENT OF AGRICULTURAL LAND BY ONE OF SEVERAL SETTLERS —AGREEMENT BY PATENTEE TO CONVEY AFTER PATENT—SEC 2274 REV. STAT. U. S.—AGREEMENT TO CONVEY MADE PRIOR TO ENACTMENT OF SEC. 2274, NOT VOID WHEN.

*Patent of Agricultural Land by One of Several Settlers—Agreement by Patentee to Convey After Patent—Sec. 2274, Rev. Stat. U. S.*
Under Sec. 2274 Rev. Stat. U. S. where several settlements have been made on agricultural public lands, prior to survey it is lawful for the several settlers on any quarter section to make joint entry. or to enter into a contract for one of them to enter such quarter section for the benefit of all and after

patent for the patentee to convey to the others their respective portions upon payment to him of a proportionate share of the expense; and the fact that settlement and survey were made prior to the enactment of Sec. 2274 is immaterial where the entry was made and patent issued after the section came in force.

*Agreement to Convey Made Prior to Enactment of Sec. 2274, not Void When.*

An agreement to convey after patent, made prior so the enactment of Sec. 2274, Rev. Stat. U. S. is not void or in contravention of the policy of the law, where recognized and adopted by the applicant after entry and after Sec. 2274 became operative.

(Decided February 11, 1899.)

Appeal from the Third District Court Summit County. Hon. A. G. Norrell, *Judge.*

Action by plaintiff in ejectment. Defendant cross-complained. From a judgment for defendant in accordance with the cross-complaint plaintiff appeals. *Affirmed.*

*W. I. Snyder, Esq.,* for appellant.

The proof (under the cross-complaint) utterly fails to make out a contract which a court of equity could enforce. *Graybill* v. *Braugh,* (Va.) 17 S. E. 558; *McCarty* v. *Couch,* 37 Minn. 124; Lawson's Rem. p. 4264.

(The contract) was not complete. It was void for want of mutuality. 6 A. & E. Ency. of L. 2d ed., 730; Bish. Cont. Secs. 313-77-78; Chitty Cont. 5th ed., p. 9; 1 Pars. Cont., p. 475; Laws Rem. Sec. 2602, N. 2, 2603, N. 1-2-3; *Morgan* v. *Morgan,* 2 Wheat. 290; *Graybill* v. *Braugh, supra*; 3 Pom. Eq. Jur. 1405.

At the time of this meeting (when the contract was made) he who was first in time was first in right. R. S. U. S. Sec. 2273; *Damrell* v. *Meyer,* 40 Cal. 170.

In the absence of fraud or imposition upon the Land Department the patent is conclusive. *Johnson* v. *Towsley*, 80 U. S. 72; *Garland* v. *Wynn*, 61 Ib. 6; Maxwell Land Grant Case, 121 U. S. 325, 379 and 381; *U. S.* v. *Iron Silver Min. Co.*, 128 U. S. 673.

No circumstance here to work an estoppel. Estoppel preserves any right created by contract or by conduct, but it never generates one. It protects but never creates; it confirms but never initiates. Biglow on Est. p. 8–9 *et seq.* Ib. 476, *et seq.*; 3 Washb. R. P. p. 76–77, cases note 4; Bishop on Cont. Articles 265, 268, 269, 388.

Where state of title known to both there can be estoppel. *Brant* v. *Coal Co.*, 93 U. S., 326, 337 and cases cited.

*S. W. Darke, Esq.*, for respondent.

Persons who have enclosed portions of unclaimed government land or who have purchased such enclosure, or who may erect buildings or other inprovements on such land, are deemed to be the lawful owners of such improvements, and the lawful owners of the claim to the possession of such enclosed lands. 2 Compiled Laws, 1888, Sec. 2609; R. S. Sec. 1967; *Hyndman* v. *Stowe*, 9 Utah, 23.

Possession of real property not founded upon a written instrument, judgment or decree, is deemed to be adverse when the land has been protected by a substantial enclosure; where it has been usually cultivated or improved, and where labor or money has been expended upon dams, canals, embankments, aqueducts or otherwise, for the purpose of irrigating such lands amounting to the sum of five dollars per acre. 2 C. L., Sec. 3137; Rev. Stats., Sec. 2865.

As a general rule a party will be concluded from denying his own acts or admissions which were expressly

designed to influence the conduct of another, and did so influence it, and when such denials will operate to the injury of the latter. He, who by his conduct or language, leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. *Welland Canal Co.* v. *Hathaway,* 24 Am. Dec., 51: *Corning* v. *Gould,* 16 Wend. 531; *Titus* v. *Morse,* 40 Me. 348; *Dickerson* v. *Colgrove,* 100 U. S. 578; *Kirk* v. *Hamilton,* 102 U. S. 68.

A party who has made another believe a certain state of facts to be true either by his silence, declarations or acts, is estopped from denying its truth, where such course was intended to, and did influence the conduct of the other. *Welland Canal Co.* v. *Hathaway,* 24 Am. Dec. 51; *Reynolds* v. *Garner,* 66 Barb. 314; *N. Park Bank* v. *Fourth Nat. Bk.* 7 Abb. Prac., N. S. 142; *Foster* v. *Newland,* 21 Wend. 97; *Hathaway* v. *Payne,* 34 N. Y. 109; *Blair* v. *Wait,* 69 N. Y. 116.

BARTCH, C. J.

This is an action of ejectment instituted by the plaintiff to obtain possession of a certain tract of land, included in a patent issued by the United States to Benjamin Miles, since deceased. The defendant filed a cross-complaint, alleging certain equitable facts and asking that he be decreed to be the owner of the premises in controversy, and that the plaintiff be ordered to convey the land to him, upon being paid the government price therefor and a certain proportionate share of the expenses incurred in obtaining the patent. At the trial judgment was entered in favor of the defendant in accordance with the cross-complaint, and the plaintiff appealed from that judgment.

From the evidence it appears that the legal subdivision,

of which the land in dispute forms a part, was settled upon and occupied, at a date anterior to the government survey, by various parties, each settler appropriating a small portion of the land, so that at the time of survey it was found that the legal subdivision was occupied and cultivated by several settlers. Other contiguous unsurveyed lands were likewise settled upon and occupied. The plaintiff's intestate was one of the occupants. The defendant obtained possession of the land in controversy not later than the year 1870, the exact date not appearing, by purchase from a prior occupant, and upon obtaining possession thereof, he grubbed out the oak brush, which covered nearly all of it, and put it in a state of cultivation, and ever since has retained possession, used and cultivated it as a home place.

About the year 1870, after the government survey was made, a meeting of the settlers was called, at which meeting, on account of the small holdings, it was agreed in order that each occupant might obtain title to his land, that for each quarter section one of the occupants only should make entry in the land office, and then upon securing patent therefor, the applicant should deed to each other occupant of the quarter section his respective portion, upon receiving payment of a proportionate share of the expenses of obtaining the patent. It appears that the plaintiff's intestate took part in the meeting and was a party to the agreement, and that on September 21, 1883, he made a homestead entry on the quarter section of land which includes the premises in dispute, and, afterwards received a final certificate therefor. When this became known to the defendant, and, it appearing that the applicant was claiming the land in controversy as his own, the defendant filed a protest in the land office against the issuing of patent. Then, after the contest was filed,

plaintiff's intestate, as appears, promised and agreed to convey the disputed premises to defendant upon receiving patent therefor, and being paid a proportionate share of the expenses of obtaining it, if the contestant would withdraw the contest. Thereupon the defendant abandoned his contest and permitted the patent to issue, but neither the applicant in his lifetime, nor his legal representative ever made the conveyance, although, it appears, the defendant has at all times, since the issuance of patent, been ready and willing to pay his proportion of the expenses, and has made due tender thereof and demanded a deed for his land. Under this state of facts, the main contention on the part of the appellant is that there was no valid contract to convey, and that, if there was an agreement to convey after patent issued, it was against the policy of the law and therefore void.

We do not think that, under the facts and circumstances so far as we are able to glean them from the record, this contention is well founded, although it must be conceded that material matters which ought to have been made plain at the trial were left more or less obscure, and thus the disposition of the case possibly, in some particulars, depends upon the inference rather than on facts clearly proven. That there was an agreement to convey after patent and a promise which induced the defendant to abandon his contest, sufficiently appears from the evidence. It is also shown that the quarter section filed upon by the plaintiff's intestate included the land in controversy and was first settled upon by *bona fide* settlers each of whom claimed and occupied a distinct portion; that such settlements were made while the quarter section was yet unsurveyed and unoccupied public lands of the United States, and that the defendant has continuously main-

18 Utah—28

tained possession and improved and cultivated the land in controversy. These circumstances bring this case within the provisions of Sec. 2274, Rev. Stat. U. S., which reads as follows: "When settlements have been made upon agricultural public lands of the United States, prior to the survey thereof, and it has been or shall be ascertained, after the public surveys have been extended over such lands, that two or more settlers have improvements upon the same legal subdivision, it shall be lawful for such settlers to make joint entry of their lands at the local land office, or for either of said settlers to enter into contract with his co-settlers to convey to them their portion of said land after a patent is issued to him, and, after making said contract, to file a declaratory statement in his own name, and prove up and pay for said land, and proof of joint occupation by himself and others, and of such contract with them made, shall be proof of sole occupancy and pre-emption by the applicant: *Provided*, That in no case shall the amount patented under this section exceed one hundred and sixty acres, nor shall this section apply to lands not subject to homestead or pre-emption entry."

Under this section when settlements have been made upon agricultural public lands, prior to the survey thereof by the government, it is lawful for the settlers, if after such survey it be ascertained that two or more of them occupy the same legal subdivision, to make joint entry, or to enter into contract for one of them to enter the land for the benefit of all and after patent the patentee to convey to the others their respective portions upon payment to him of a proportionate share of the expenses. In such case the applicant, after patent, holds the land belonging to his co-settlers merely as trustee, and if he refuses to convey, upon being paid or tendered the proportionate share of expenses, the trust may be enforced in equity, and the

trustee compelled to convey the legal title to the true owner. *Johnson* v. *Towsley*, 13 Wall, 72; *Rose* v. *Treadway*, 4 Nev. 455.

The fact that, in this case the settlement and survey of the land were made before section 2274, was enacted, is immaterial, because when the entry was made and patent issued the section was in force. Nor can the fact that the original agreement between the settlers was made prior to the enactment of that section avail the appellant, since that agreement was clearly recognized and adopted by the applicant after the entry was made, and long after section 2274 had become operative. Such a contract as the one in the case at bar, being provided for, in the statute, is not void, nor is it in contravention of the policy of the law. This is not a case where the agreement entered into encouraged perjury. The applicant, under the terms of the contract, could make his proof in the land office for patent without any violation of the terms of the statute, and, in the absence of any showing to the contrary, the presumption is that the proof for patent was made as provided by law. Therefore the cases cited by counsel for the appellant where contracts were entered into which tended to the commission of perjury in the land office, are not in point in this case. To permit the appellant to retain the land in controversy, under the facts and circumstances indicated by the record, would be a manifest injustice.

From the view we have thus taken of this case it becomes unimportant to discuss the other questions presented in the record.

There appears to be no reversible error in the record.

The judgment is affirmed, with costs.

BASKIN, J. and McCARTY, District Judge, concur.

Rehearing denied.