[S. F. No. 3607. In Bank.—February 6, 1907.]

## E. H. RIXFORD (Substituted for F. G. Halsey), Respondent, v. ROBERT E. ZEIGLER, Respondent, and GEORGE M. PERINE, Appellant.

DEEDS—GRANTEE—UNINCORPORATED "CHURCH COMMUNITY"—POSSESSION AND USE NOT TAKEN—TITLE NOT PASSED—DEED UNDER EXECUTION AGAINST GRANTOR.—A deed to an unincorporated "church community" for "school and church purposes," not naming its members or any other grantee, under which it appears that no possession was taken or use had of the property conveyed for any purpose by the "church community" or its members, or by any one claiming to act for it, and that no claim thereto has been asserted by or for its members, passed no title, legal or equitable, from the grantor, and a sheriff's deed under execution against him passed the title as against his subsequent grantee.

ID.—GENERAL RULE APPLICABLE—GRANTEE MUST BE CAPABLE TO TAKE. —In such case the general rule applies that to make a deed effective the grantee must be a person either natural or artificial, capable of taking the property conveyed, and that a deed is void unless the grantee named has such capability.

ID.—EXCEPTION AS TO GRANT FOR CHARITABLE PURPOSES INAPPLICABLE—
RULE IN EQUITY.—The exception to the general rule that where a
grant for charitable purposes .is sought to be enforced by bene-
ficiaries, who have taken possession of the property granted, and
have continuously used the same for such purposes, equity will
devise plans for carrying it out, has no application to the facts of
the present case.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

D. H. Whittemore, for Appellant.

E. H. Rixford, and J. A. Fairweather, for Respondent.

McFARLAND, J.—This action was brought by the original
plaintiff, F. G. Halsey, for the partition of a certain piece of
land. It was averred in the complaint that Halsey and de-
fendant Zeigler were the owners in fee of the land as tenants
in common; and the other defendants were made parties. as
claiming some interest in the property. Zeigler answered, ad-
mitting and averring that plaintiff and himself were owners
of the land in contest as tenants in common, and united in
plaintiff's prayer for partition. Defendant Perine answered,
denying that plaintiff and Zeigler were the owners of the
land, and averring that he, Perine, was the sole owner thereof.
The other defendants made default. The court found that
plaintiff and defendant Zeigler were the owners of the prop-
erty, that Perine had no interest therein, and rendered an
interlocutory judgment for a partition as prayed for in the
complaint. From this judgment defendant Perine appeals.

The material facts are these: On July 8, 1864, one B. C.
Vandall recovered judgment in the district court in and for
the city and county of San Francisco against Harvey S.
Brown for $1,759.26, with interests and costs. On July 23,
1864, an execution was issued under said judgment, and was
levied upon the land in contest in the case at bar as the prop-
erty of said Brown; and by virtue of said execution the prop-
erty was sold by the sheriff to said Vandall, and on June 7,
1865, the sheriff executed a deed to Vandall conveying to the
latter all the title which Brown had in the land at the date of
said judgment. Afterwards, and before the commencement

of this suit, whatever title Brown had in the land at the time of the execution sale, etc., vested by mesne conveyances in the plaintiff Halsey and the defendant Zeigler.

Brown was admittedly the owner of the land at the time of the suit by Vandall, the execution sale, etc., unless before that, on the 22d of December, 1862, he parted with the title by an instrument in writing which he that day executed. This instrument purported to be a deed conveying the land in contest here to "the community styling itself the German Roman Catholic St. Bonifazieus Church Community." This instrument contains the following provision: "This conveyance is upon express condition that said property is to be used by said community for school and church purposes and for no other purpose whatever, nor shall said community sell or transfer the same or any part thereof, but the same shall be and remain the property of said community as long as they shall make use of said property for above purposes; but if they sell or transfer the same, or use it for any other purposes than those above mentioned, they shall forfeit all rights under this conveyance, and the said property shall revert to the first party and his heirs." It is found by the court upon sufficient evidence that at the time of the execution of said instrument the said church community was and still is an unincorporated association of persons associated together for the purpose of religious worship. It was not a corporation either *de jure* or *de facto;* it never pretended to act as a corporation. In the instrument no individual person was named as a grantee, nor was there any statement as to who constituted said church community. Neither the said community nor any of its members, nor any person claiming to act for it, ever took possession or used the said property for school or church purposes, or for any other purpose whatever, and never undertook to make any use whatever of the properties named in said instrument. In the case at bar all persons who are members of said community were made defendants, and they all made default.

Under these facts we are of opinion that no title ever passed out of Brown to any persons whatever by said instrument. The general rule is, beyond doubt, that a deed of conveyance is void unless the grantee named is capable of taking and holding the property named in the deed; and the general rule also is that to make a deed effective the grantee must be a person,

either natural or artificial, capable of taking and holding the property. In *Wiseman* v. *McNulty*, 25 Cal. 230, a deed had been made to the "Hibernia Company," and it was held void, the court saying: "The company does not appear to be a corporation nor even a partnership, holding the claims as partnership property, but simply a voluntary association not formed by articles in writing and without legal existence—a body unknown to the law. As such, the company would be incapable of taking and holding mining claims, by grant, or by any other means, by which title to real estate would pass." In *Winter* v. *Stock*, 29 Cal. 408, [89 Am. Dec. 57], the court approves a decision in the case of *Arthur* v. *Weston and Strode*, 22 Mo. 378. In that case it appeared that lands had been conveyed to "W. W. Phelps & Co." At the trial Arthur offered to prove that when the conveyance was made to Phelps & Co. said firm was composed of Phelps, Cowdry, and Whitmore, but the court rejected the offered evidence, holding the law to be that "the deed to W. W. Phelps & Co. operated to vest the legal title in W. W. Phelps alone, and that the entire title passed by the sheriff's deed under the execution sale, and gave judgment accordingly." Upon writ of error the supreme court sustained the decision of the court below, holding that the deed to W. W. Phelps & Co. did not take effect as a legal conveyance of the premises to Phelps, Cowdry, and Whitmore jointly, but that it operated to convey the property to Phelps alone. The court observed that the question "is not merely whether the grantor intended to convey to the persons composing the firm, but whether the partnership style is, as a matter of law, a good name of purchase in a conveyance of real property sufficient to pass the legal title to all the individuals of the firm. . . . A conveyance of real property being required by the statute to be put in writing, the party who is to take as grantee must be sufficiently ascertained by the written instrument, or it is a nullity, so far as it purports to effect a transfer of the legal title." (See, also, *Sunol* v. *Hepburn*, 1 Cal. 254; *Phelan* v. *San Francisco*, 6 Cal. 531.) In Encyclopedia of Law and Procedure (vol. 13, p. 624) it is said: "If the firm name is given and it consists of the surnames of the several parties it will vest the legal title in them, and generally if members of a partnershp are designated with sufficient certainty under a firm name they will take, but a general

or an abbreviated term such as 'Company,' 'Co.' or 'Bro.' is held to be insufficient.'' The foregoing is undoubtedly the general rule; and there is nothing in the case at bar which brings it within any of the exceptions to that rule. The cases cited by appellant are where property had been granted for charitable purposes and had been taken possession of and continuously used for those purposes by persons claiming to be intended by a deed which merely uses the general name of the association; and in such cases courts of equity have devised plans for carrying out the intended charity; and they were cases where the persons claiming to be the beneficiaries under the deed were parties to the action asserting their rights. But nothing of the kind occurred in the case at bar. The persons who are members of the church community have never asserted any right under the deed, and from 1862, the date of the deed, to the present time, have never set up any claim under it. It is therefore our opinion that no title whatever passed from Brown to the said church community; that the title to the property was in Brown at the time of the sale under the Vandall judgment; and that such title was in the respondent at the time of the commencement of this action and when the judgment was rendered.

The appellant, Perine, claims title through a deed made by said Brown to one Spring, executed January 12, 1867. Whatever title Spring got from Brown went by mesne conveyances to one Gendotti, and afterwards Perine brought suit to foreclose a street assessment on the land in question, in which Gendotti was made defendant, and after a judgment in that case in favor of Perine the sheriff made a deed under the decree to Perine. In that case Perine also made the "church community" by that general name a party, but did not make any one of the members of that community a party. Of course, if, as appellant contends, Brown's deed to the church community carried the title, he had nothing left to convey to Spring, and if Brown's deed did not convey the title to the church community, then his title passed under the Vandall judgment, which was prior to his deed to Spring. But it is sufficient to say that the judgment in the assessment case is of no value as against the respondents herein, who are the real owners of the property, and were not made parties to that suit.

The foregoing views make it unnecessary to notice other points made by respondents.

The interlocutory judgment appealed form is affirmed.

Sloss, J., Shaw, J., Henshaw, J., Lorigan, J., and Beatty, C. J., concurred.