STATE OF IOWA, Appellee, v. WESLEY L. McGEE, Appellant.

**FRAUDULENT CONVEYANCES:  Criminal Responsibility — Deed Ipso Facto Invalid.**  A recorded conveyance of real estate "to each and every member" of named orders and professions of the state,

embracing hundreds of thousands of people, is a legal absurdity,— a nullity on its face,—(1) because of uncertainty as to the grantees, and (2) because constituting an unallowable clog on the title. It follows that the execution of such a deed does not constitute a "fraudulent conveyance," within the meaning of Sec. 13051, Code of 1924, even though executed with the intent to hinder and delay the holders of recorded liens.

Headnote 1: 18 C. J. p. 174; 27 C. J. p. 871 (Anno.); 30 Cyc. p. 1469.

*Appeal from Marion District Court.*—W. G. VANDER PLOEG, Judge.

JUNE 25, 1925.

DEFENDANT was indicted and convicted in the court below of the crime defined by Section 5042 of the Code of 1897, and appeals.—*Reversed.*

*David Strieff,* for appellant.

*Ben J. Gibson,* Attorney-general, *S. S. Faville,* Assistant Attorney-general, and *Norman R. Hays,* County Attorney, for appellee.

STEVENS, J.—The indictment charged the defendant with having conveyed his property, consisting of a farm of 160 acres, to "each and every member of the American Legion of Iowa, each and every member of the Independent Order of Odd Fellows of Iowa, each and every member of the Knights of Pythias of Iowa, and each and every attorney at law in Iowa," for the purpose of hindering, delaying, and defrauding his creditors. The facts relating to the transaction which are not in dispute are, in substance, as follows:

Appellant was the owner of a tract of 160 acres in Marion County, incumbered by a first mortgage of $8,500 to the Union Central Life Insurance Company, a second mortgage of $3,000 to E. L. Bussey, and a third mortgage of $7,000 to the Bussey Savings Bank, Bussey, Iowa. Failing to secure a renewal or an extension of time on some of the mortgages, appellant proposed to convey his interest in the farm to the bank for a cash con-

sideration of $6,000. The bank refused to accept a conveyance upon the terms proposed. Later, at a conference between appellant and some of the bank officials, the former renewed his offer, and threatened that, if it was not accepted, he would execute the deed above referred to, which he read to the bank officers present. The bank again declining his offer, appellant started immediately for Knoxville, followed by an officer of the bank, for the purpose of filing for record the deed complained of. After the parties arrived at Knoxville, appellant proposed to convey the property to the bank for a cash consideration of $4,000, but was offered $150. He declined this offer, and immediately filed the deed in the office of the county recorder, which was recorded in due time and returned to him. The consideration expressed therein is one dollar and other good and valuable consideration. It is not shown that appellant ever conferred with any individual of the several classes designated as grantees, with reference to the deed, or that there was any attempt made by him to deliver it to anyone, except as already stated. So far as shown by the record, the only creditors of appellant were the mortgagees named. The value of the farm is not disclosed, but we deem it evident that it did not much, if any, exceed the aggregate amount of the incumbrances thereon.

We shall limit our discussion to the contention of appellant that the evidence wholly failed to establish the crime charged. So far as material, Section 5042 of the Code of 1897 (Section 13051 of the Code of 1924) is as follows:

"Any person who, knowingly being a party to any conveyance or assignment of any estate or interest in lands * * * or being a party to any charge on such estate, interest, rents or profits, made or created with intent to defraud prior or subsequent purchasers, or to hinder, delay or defraud creditors or other persons * * * shall be imprisoned in the penitentiary not exceeding three years, or may be fined in the discretion of the court * * *."

That it was beyond the power of appellant to defraud, by a conveyance of his property, the several mortgagees named, is obvious from the fact that their mortgages were of record, and paramount to any interest he could convey. Furthermore, appellant had a perfect right to convey whatever interest he had

in the property. The crime, however, may consist of the fraudulent conveyance of real estate with the purpose and intention of hindering and delaying creditors in the collection of their claims. *Davenport v. Cummings,* 15 Iowa 219; *Halfpenny & Hamilton v. Tate & McDevitt,* 65 W. Va. 296 (64 S. E. 28); *Edgell v. Smith,* 50 W. Va. 349 (40 S. E. 402); *Frank v. Minsterketter* (Ky.), 99 S. W. 219.

Assuming, therefore, for the purpose of the present discussion, that the execution of the deed in question, if with the intent to hinder and delay his creditors, had, or could have had, that effect, we are, nevertheless, persuaded that the facts shown do not establish guilt. We said in *Day v. Lown,* 51 Iowa 364, that the above statute was not designed to create a moral code operating on the conscience of the party making the conveyance, but that its purpose was to protect the legal or equitable rights of others. It must be given a practical application. It is essential that every conveyance of real property designate a grantee having existence and capable of taking title. The grantee need not be specifically named, but must be capable of identification.

The record does not disclose the number of Odd Fellows, Knights of Pythias, American Legion, or attorneys at law in the state of Iowa at the time the deed was executed. The existence of these bodies, as well as the fact that they probably number several hundred thousand persons, is well known to the court. The moiety conveyed to each member thereof, if any, was infinitesimal, and could not be partitioned in kind. If the farm is assumed to be worth $25,000, the interest of appellant was nominal; and such as he could convey to each of the grantees could not exceed, at most, a few cents. The expense of executing, acknowledging, and recording instruments of conveyance by the several hundred thousand persons indicated would many times exceed the value of the farm, let alone the small interest actually possessed by appellant. Not only is there such uncertainty and indefiniteness as to the grantees named as to render the instruments void (*Allen v. Allen,* 48 Minn. 462 [51 N. W. 473]; *Morris v. State,* 84 Ala. 457 [4 So. 628]; *Rixford v. Zeigler,* 150 Cal. 435 [88 Pac. 1092]; *Thomas v. Inhabitants of Marshfield,* 10 Pickering [Mass.] 364; *Hornbeck v. Westbrook,* 9 Johns. [N. Y.] 73; *Hunt v. Tolles,* 75 Vt. 48 [52 Atl.

1042]), but it is against the policy of the law to permit title to real estate to be permanently tied up so as to entirely clog and prevent the conveyance thereof. That appellant conceived a freakish purpose to prevent his creditors, the mortgagees named, from securing title by foreclosure without an expense that would make it impossible, may be conceded; but it seems to us that the device by which he sought to accomplish his dishonest purpose, if sustained, would amount to a legal absurdity. The deed on its face was void, and conveyed no title whatever. It is against the policy of the law to sustain a conveyance the effect of which would be to place the legal title permanently beyond the possibility of subsequent conveyance, or wholly defeat the enforcement of valid liens thereon. The act of appellant amounted to no more than an attempt to convey the legal title for the purpose of obstructing and preventing process. The instrument by which he sought to do this is void and of no effect whatever. No one was injured in any way by the conveyance, nor were his creditors hindered or delayed in the collection of their claims. It is our conclusion that in no practical application of the statute can it be held that a crime was committed. It follows that the judgment below must be, and is,— *Reversed.*

FAVILLE, C. J., and EVANS, ARTHUR, and VERMILION, JJ., concur.