[Civ. No. 12099.   Third Dist.   Aug. 15, 1969.]

COUNTY OF TRINITY, Plaintiff and Respondent, v. CHARLES ROURKE et al., Defendants and Appellants.

Lopez & Kennedy and Donald R. Kennedy for Defendants and Appellants.

Stennett M. Sheppard, District Attorney, for Plaintiff and Respondent.

FRIEDMAN, Acting P. J.—The determinative question in this quiet title action is the validity of a 1946 grant deed from John and Idelle Rourke to the Hayfork Valley Airport and Improvement Association. The grantee, an unincorporated association, had been founded a year earlier for the purpose of acquiring land for a local airport. Later the association was incorporated as the Hayfork Chamber of Commerce, which in 1956 conveyed the property to Trinity County, the plaintiff in this suit. Defendants, claiming title as heirs of the Rourkes, appeal from a judgment favoring the county.

Defendants' thesis is that an unincorporated association is incapable of taking title to real property, thus that the deed failed for want of a grantee. They rely upon *Rixford* v. *Zeigler* (1907) 150 Cal. 435 [88 P. 1092, 119 Am.St.Rep. 229], which cited a "general rule" that unincorporated associations are incapable of taking title to real property.

Absent a governing statute, decisional law on the efficacy of a deed to an unincorporated association varies from state to state. Some courts adhere to the traditional common law doctrine that the deed is a nullity. Others find the doctrine too harsh and adopt ameliorative approaches to prevent frustration of the grantor's intent. One approach is to construe the deed to vest ownership in the individuals who comprise the organization. Another utilizes equity's power to designate a trustee for the group. When a charitable purpose is discerned, some courts resort to the rule that a charitable gift will not fail for want of a trustee. Finally, some states simply reject the common law doctrine outright, affirming the capacity of unincorporated organizations to take and hold real estate. (1 Powell on Real Property (1969 Recompilation) § 131; 6 Thompson on Real Property (1962 Replacement) § 3012; 6 Am.Jur.2d, Associations and Clubs, § 13; 7 C.J.S., Associations, § 14.)

In California the matter has been partially covered by statute. Sections 21200 and 21200.5, Corporations Code, authorize real estate holding by specific kinds of associations. The Hayfork group was not one of the covered organizations. Probate Code section 27, allowing associations to take property by will, does not affect the *inter vivos* grant which occurred here.

Aside from statute, several California decisions have adopted the ameliorative theory that property ostensibly

standing in the name of an unincorporated body is deemed to belong to its members jointly or as tenants in common. (*Grand Grove etc. Cal.* v. *Garibaldi Grove* (1900) 130 Cal. 116, 119 [62 P. 486, 80 Am.St.Rep. 80]; *Scott* v. *Donahue* (1928) 93 Cal.App. 126, 129 [269 P. 455].) Other California decisions indicate a softening of the talismanic common law attitude which insisted on the impeccable identification of grantees of real estate. Thus ''the common-law rule of strict construction as applied to deeds has been greatly relaxed or modified in this state by statutes and judicial decisions, with a view of effecting the grantor's intent as shown by extrinsic circumstances pertinent to that issue.'' (*Schade* v. *Stewart* (1928) 205 Cal. 658, 664-665 [272 P. 567].)

*Rixford* v. *Zeigler, supra,* does not place California among the states rigidly adhering to the traditional common law doctrine. The *Rixford* case refused recognition to an 1862 deed conveying land to ''the community styling itself the German Roman Catholic St. Bonifazieus Church Community.'' The church and its members had never taken possession of the property and, during a period of 45 years, had failed to assert any claim to it. Under these circumstances the court cited the ''general rule'' rejecting deeds to unincorporated associations, then stated: '' [T]here is nothing in the case at bar which brings it within any of the exceptions to that [general] rule. The cases cited by appellant are where property had been granted for charitable purposes and had been taken possession of and continuously used for those purposes by persons claiming to be intended by a deed which merely uses the general name of the association; and in such cases courts of equity have devised plans for carrying out the intended charity; and they were cases where the persons claiming to be the beneficiaries under the deed were parties to the action asserting their rights. But nothing of the kind occurred in the case at bar.'' (P. 439.)

Thus, for the purpose of ascertaining California law, the ''general rule'' described in *Rixford* is misnamed. It is really a quite narrow rule, restricted to a situation where the grantee is a noncharitable association and its individual members do not appear for the purpose of asserting their rights as individuals.

In this case there is evidence but no finding that the Rourkes granted the land for charitable purposes. That kind of finding is unnecessary here. The deed to the unincorporated association was adequate to vest ownership in the associa-

tion's members. (*Grand Grove etc. Cal.* v. *Garibaldi Grove, supra*; *Scott* v. *Donahue, supra.*) When the association was incorporated as the Hayfork Chamber of Commerce, the former was ipso facto dissolved and the property held by it became the property of the corporation. (*Oliver* v. *Swiss Club Tell* (1963) 222 Cal.App.2d 528, 544 [35 Cal.Rptr. 324]; *Security-First Nat. Bank* v. *Cooper* (1944) 62 Cal.App.2d 653, 669-670 [145 P.2d 722].) The transfer from the Chamber of Commerce to Trinity County is unquestioned.

Judgment affirmed.

Janes, J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.