**Howard C. SHARP, Max W. Steele and Steven W. Bergstedt, Trustees of the Bryner Clinic Employees Profit Sharing and Pension Trust, Plaintiffs and Respondents,**

v.

**F. Tempel RIEKHOF, AFCO Development Corporation, Frank K. Stuart, Trustee, David S. Taylor, McKean Construction Company, Max A. Barnett, Elsie J. Barnett, Vernon O. Anderson, Maxine D. Anderson, Troy Auer Kehl, Edward F. Kehl, Sally Ann Kehl, Executone Mountainwest, Inc., United Bank, John Does I through X, and Any And All Other Persons Who May Claim Any Interest in the Subject of This Action, Defendants and Appellants.**

No. 20117.

Supreme Court of Utah.

Dec. 7, 1987.

Richard D. Lamborn, Salt Lake City, for defendants and appellants.

Bruce J. Nelson, Salt Lake City, for plaintiffs and respondents.

PER CURIAM:

This is an appeal from a summary judgment and order quieting title to real property in respondents.

The underlying facts of this case are undisputed. On October 2, 1979, AFCO Development Corporation deeded real prop-

erty in Salt Lake County to the "Bryner Clinic Employees' Profit Sharing and Pension Trusts." As consideration for the deed, respondents paid AFCO $100,000. The deed was recorded on October 4, 1979. On December 18, 1981, appellant obtained a judgment against AFCO. To remove the potential cloud on their title, respondents initiated this action in 1983.[1] Appellant answered alleging, inter alia, that the 1979 deed is a nullity since a trust was named as grantee and a trust is not capable of taking and holding title to property.

Respondents filed a motion for summary judgment, urging that they were entitled to judgment as a matter of law. Based upon various documents (including an affidavit) and memoranda on file, the trial court found as follows: the "Bryner Clinic Employees Profit Sharing Plan" was organized in 1968, and the "Bryner Clinic, Inc. Employees Pension Trust" was organized in 1977; Howard C. Sharp, Max W. Steele, and Steven W. Bergstedt are the trustees for both entities; and the deed to "Bryner Clinic Employees' Profit Sharing and Pension Trusts" was considered by respondents to be jointly owned by the two entities for which they served as trustees. The court concluded that the actual name of the grantee, if incorrect, was not a material defect as to invalidate the deed since "[s]ufficient extrinsic evidence exists to allow proper identification of the intended grantee." The court thereupon granted respondents' motion for summary judgment, quieting title to "Howard C. Sharp, Max W. Steele and Steven W. Bergstedt, Trustees of the Bryner Clinic Employees Profit Sharing Plan" and "Howard C. Sharp, Max W. Steele and Steven W. Bergstedt, Trustees of the Bryner Clinic, Inc. Employees Pension Trust" as tenants in common. Appellant's judgment was held not to have attached to the property since the deed was recorded more than two years prior to the date of judgment and because at the time the judgment was entered, AFCO had no interest in the property. On appeal, appel-

---

1. Other judgment creditors of AFCO were also joined as party-defendants. All of the other defendants have either executed a disclaimer of interest in the property or have defaulted by failing to answer the complaint.

lant requests that this Court reverse and hold that the 1979 deed is a nullity conveying no priority to respondents.

Appellant argues that the grantee of a deed must be a natural or artificial person capable of taking and holding title to property, *Burns v. Grable*, 138 Cal. App.2d 280, 291 P.2d 969 (1956), and that if no such person exists, attempted conveyances are deemed "mere nullities." *Nilson v. Hamilton*, 53 Utah 594, 174 P. 624 (1918). He claims that trusts are property interests which cannot hold property. We agree and vacate the summary judgment.

An attempted conveyance of land to a nonexisting entity is void. See *Nilson v. Hamilton*, 53 Utah at 600, 174 P. at 626, where we held that a deed which named a deceased person or his estate as a grantee was void because neither the estate nor the deceased person was a legal entity. See also *Rixford v. Zeigler*, 150 Cal. 435, 88 P. 1092, 1093 (1907), where it is said:

> [A] deed of conveyance is void unless the grantee named is capable of taking and holding the property named in the deed; and the general rule also is that to make a deed effective the grantee must be a person, either natural or artificial, capable of taking and holding the property.

Since the deed here named a nonentity as the grantee, we cannot agree with the trial court that the deed did not contain "a material defect." The deed conveyed no interest whatever.

Respondents, in their amended complaint, sought as alternative relief reformation of the deed so as to substitute the trustees as the grantees of the deed. However, the trial court did not reach the claim for reformation or make any ruling thereon since it incorrectly concluded that the naming of the trust as the grantee was not a material defect. Because the grantee was a nonentity, the defect was material.

The summary judgment quieting title in respondents is vacated, and the case is remanded to the trial court for a determination of respondents' claim for reformation, subject to any defenses appellant may raise thereto.

DURHAM, J., having disqualified herself, does not participate herein.