# THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 90

**APRIL TERM, A.D. 2025**

**August 7, 2025**

KENNETH R. MINSHALL,

Appellant
(Plaintiff),

v.

ROBIN GRIFFIN and JOY OSBON,
individually and as the Personal
Representative of the Estate of Gail Lee
Quinn,

Appellees
(Defendants).

S-25-0019

*Appeal from the District Court of Washakie County*
*The Honorable Bobbi Dean Overfield, Judge*

*Representing Appellant:*
    *David Ziemer of Legal Aid of Wyoming.*

*Representing Appellees:*
    *Christopher M. Wages of The Wages Group, LLC, Buffalo, Wyoming.*

*Before BOOMGAARDEN, C.J., and Fox\*, GRAY, FENN, and JAROSH, JJ.*

*\* Justice Fox retired from judicial office effective May 27, 2025, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), she was reassigned to act on this matter on May 28, 2025.*

**NOTICE:** **This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]     Kenneth Minshall filed a complaint seeking to quiet title to approximately two acres of real property in Washakie County (Subject Property).  On appeal, he claims the district court erred when it found the doctrine of estoppel by deed did not preclude the heirs and personal representatives of the Estate of Gail Lee Quinn from challenging the legality of a deed transferring the Subject Property to his corporation, which had not been duly incorporated.  We affirm.

## ISSUE

[¶2]     Mr. Minshall presents one issue on appeal, which we rephrase as follows: Does the doctrine of estoppel by deed preclude the heirs and personal representatives of the Estate of Gail Lee Quinn from claiming title to the Subject Property?

## FACTS

[¶3]     This matter involves a dispute over the title of the Subject Property, which consists of approximately two acres of real property with two mobile homes and a steel building located at 982 Lane 4, in Worland, Washakie County, Wyoming.  At the center of the dispute is whether the Subject Property was transferred to a non-existent corporation identified by employer identification number (EIN) 26-2800542 and three different names, M/G Enterprises, M/Q Enterprises, and M-Q Enterprises.

[¶4]     Gail Lee Quinn owned the Subject Property beginning in the 1970s.  Kenneth Minshall lived with Ms. Quinn from 1980 until her death, except for certain periods when his work required him to live elsewhere.

[¶5]     On or around August 1, 2006,[1] Ms. Quinn executed a document labeled "contract," which provided:

> I Gail l. (sic) Quinn on 1 August 2006 upon the completion of the 30' x 50' steel building on my property do here by Relinquish all rights to said property to M/Q ENTERPRISES, EIN 26-2800542, Granting, all such right, title, interest, property, possession, claim and demand, as they may have or ought to have, in or to all the following described premises situated in Washakie County, Wyoming to wit.

---

[1] Mr. Minshall claims in his brief "[t]he contract says it was signed in 2006, but undisputed testimony is that it actually was signed in 2008, and '2006 was a typographical error."  We do not have the testimony in the record and the district court found it was unable to ascertain whether it was 2006 or 2008.

1

A parcel of land in NW 1/4 NW 1/4 of Section 21, T 48 N., R. 92 W., Resurveyed Of 6th P.M,. Washakie County. Wyoming being more particularly described as follows:

Beginning at a point which is located N. 89° 46'. East, 810 feet from the Northwest corner of said Section 21, said point being on the North line of said Section 21; thence N. 89° 46' East 245.41 feet along the North line of said Section 21; thence S. 0°01'12" West, 355.00 feet; thence S. 89° 46 West, 245.41 feet; thence N 0°01'12" East to the point of beginning, together with all appurtenances thereto attached.

Said parcel of land contains 2.00 acres of land, more or less.

TO HAVE AND TO HOLD the said above described premises, all and singular, unto said Grantor and unto his, her or their heirs, successors or assigns forever.

Dated this 1 Day of August 2006.

Ms. Quinn and an unknown individual identified as "witness" are the only parties to execute the document entitled "contract." The steel building was completed on an unknown date. The record does not indicate whether this document was ever recorded in Washakie County's real property records.

[¶6]    On February 28, 2018, Ms. Quinn deeded the Subject Property to her two daughters, Robin Griffin and Joy Osbon, by quitclaim deed. Four months later, on June 8, 2018, Ms. Griffin and Ms. Osbon deeded the Subject Property back to Ms. Quinn. That same month, Ms. Quinn executed a quitclaim deed and deeded the Subject Property to M/G Enterprises, EIN 26-2800542. The M/G Enterprises identified as the grantee in the deed does not match the name of the company identified in the document entitled "contract," M/Q Enterprises. However, the referenced EIN in the deed matches the EIN referenced in the document entitled "contract," EIN 26-2800542.

[¶7]    Mr. Minshall alleged the intended grantee under the 2018 deed was his business M/Q Enterprises, not M/G Enterprises, and the discrepancy was the result of a typographical error. Information about a third business, M-Q Enterprises, whose EIN also matched the EIN referenced in the 2018 deed and in the document entitled "contract," was also introduced during the proceedings. In 2008, Mr. Minshall received a letter from the Internal Revenue Service (IRS) stating it had corrected the business name on his account.

The letter was addressed to Mr. Minshall and M-Q Enterprises and explained a dash must be substituted for the backslash in M/Q Enterprises. The IRS identified M-Q Enterprises with the same EIN as used in the document labeled "contract" and in the 2018 deed to M/G Enterprises. None of the three businesses identified—M/G Enterprises, M/Q Enterprises, and M-Q Enterprises—have ever been registered as a business with the Wyoming Secretary of State or with any other state. Although M-Q Enterprises has an EIN with the IRS, M-Q Enterprises has never received any documented income or paid any taxes.

[¶8] Ms. Quinn died intestate on July 7, 2019. Mr. Minshall executed a quitclaim deed on behalf of M/G Enterprises, EIN 26-2800542, on November 2, 2021, which provided "M/G Enterprises, EIN 26-2800542, Grantor, . . . convey[s] and quitclaim[s] to Kenneth R. Minshall, Grantee, all such right, title, interest, property, possession, claim and demand" in the Subject Property. Despite Mr. Minshall transferring the Subject Property to himself on behalf of M/G Enterprises, Ms. Griffin and Ms. Osbon claimed an ownership interest in the Subject Property as the heirs of Ms. Quinn.

[¶9] Mr. Minshall filed a complaint to quiet title against Ms. Griffin and Ms. Osbon requesting a declaration he is the owner of the Subject Property. He further requested Ms. Griffin and Ms. Osbon be permanently enjoined and restrained from asserting any right, title, or interest in the Subject Property. Ms. Griffin and Ms. Osbon answered the complaint and filed a counterclaim for quiet title and ejectment. They served Mr. Minshall with a *Notice to Quit, Vacate, and Leave Premises*. Ms. Griffin and Ms. Osbon also requested Ms. Quinn's estate be added as a party. The district court ordered the Estate of Gail Lee Quinn be joined as a party and amended the caption. Ms. Griffin and Ms. Osbon amended their answer and counterclaim to assert the following amended counterclaims: (1) ejectment; (2) quiet title; (3) trespass; and (4) declaratory judgment.

[¶10] The parties dispute who owned and controlled the business identified in the 2018 deed to M/G Enterprises and in the document entitled "contract" at the time of Ms. Quinn's death. Mr. Minshall asserted he owns and controls M/G Enterprises or M/Q Enterprises or M-Q Enterprises, EIN 26-2800542, although none of those businesses were incorporated or officially organized in any state. Ms. Griffin and Ms. Osbon claimed Ms. Quinn was the sole owner of the company identified in the document labeled "contract."

[¶11] Following a bench trial, the district court found "[b]ecause M/Q Enterprises and M/G Enterprises were incapable of taking title to the [Subject] Property, the deeds conveying the [Subject] [P]roperty to them [were] void from the beginning." The district court held, based on the chain of title, the property was in Ms. Quinn's name because the deed to M/G Enterprises, EIN 26-2800542—or the intended company, M/Q Enterprises or M-Q Enterprises—was void, and likewise the deed from M/G Enterprises to Mr. Minshall was void. The district court held the ownership of the Subject Property by the last valid deed was in the sole ownership of Gail Lee Quinn and therefore subject to probate by her estate. The district court found the deeds naming M/G Enterprises and Mr. Minshall as

3

grantor or grantee were void and ordered they be stricken from the Washakie County real property records. Mr. Minshall timely appealed.

## STANDARD OF REVIEW

[¶12] "After a bench trial, we review the district court's factual findings for clear error and its conclusions of law de novo." *Tilden v. Jackson*, 2025 WY 57, ¶ 18, 568 P.3d 1197, 1203 (Wyo. 2025) (quoting *Wheeldon v. ELK Feed Grounds House, LLC*, 2021 WY 71, ¶ 11, 488 P.3d 916, 919 (Wyo. 2021)).

> The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail reweighing disputed evidence. Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. In considering a trial court's factual findings, we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it. We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to those findings unless they are unsupported by the record or erroneous as a matter of law.

*Tuckness v. Town of Meeteetse*, 2024 WY 42, ¶ 11, 546 P.3d 1091, 1093–94 (Wyo. 2024) (quoting *Little Med. Creek Ranch, Inc. v. d'Elia*, 2023 WY 30, ¶ 16, 527 P.3d 856, 863 (Wyo. 2023)).

## DISCUSSION

[¶13] Mr. Minshall concedes the 2018 deed from Ms. Quinn to M/G Enterprises is a deed "to a business entity with no legal existence" and "is indisputably invalid." He also concedes the deed he signed on behalf of M/G Enterprises to himself "is also invalid." However, he claims the Estate of Gail Lee Quinn and her heirs are in privity with Ms. Quinn, so they are estopped from challenging the validity of the deeds under the doctrine of estoppel by deed.

4

[¶14] "Estoppel by deed is a defensive doctrine which cannot be used to create a right where none existed. Its function is not to create rights but to preserve them." *Gilstrap v. June Eisele Warren Tr.*, 2005 WY 21, ¶ 25, 106 P.3d 858, 865 (Wyo. 2005). "Estoppel by deed is the product of a valid deed." 31 C.J.S. *Estoppel and Waiver* § 57 (May 2025 Update) (citing *Fadili v. Deutsche Bank Nat. Tr. Co.*, 772 F.3d 951, 954 (1st Cir. 2014); *Angell v. Bailey*, 225 S.W.3d 834, 842 (Tex. Ct. App. 2007)). An invalid deed cannot be made the basis of an estoppel and will not operate by way of estoppel "to vest a subsequently acquired estate in the grantee." 31 C.J.S. *Estoppel and Waiver* § 57. For a deed to be valid, there must be a grantee who can take the title at the time of the conveyance. 26A C.J.S. *Deeds* § 20 (May 2025 Update); 22B Am. Jur. 2d *Deeds* § 21 (May 2025 Update). A deed transferring land to one who has no legal existence does not pass title. 26A C.J.S. *Deeds* § 20. The 2018 deed from Ms. Quinn to M/G Enterprises, EIN 26-2800542, was a deed to a nonexistent corporation which had not been duly incorporated and had no legal existence. The deed is therefore a nullity and does not pass any title to the Subject Property. *See generally Sharp v. Riekhof*, 747 P.2d 1044, 1046 (Utah 1987) ("An attempted conveyance of land to a nonexistent entity is void."); *Cmty. Credit Union Servs., Inc. v. Fed. Exp. Servs. Corp.*, 534 A.2d 331, 334 (D.C. 1987) ("[A] deed transferring land to one who has no legal existence does not pass title."); *Zulver Realty Co. v. Snyder*, 62 A.2d 276, 279 (Md. 1948) ("[A] deed to a supposed corporation which has not been duly incorporated and consequently has no legal existence does not pass any title."); *see also* 26A C.J.S. *Deeds* § 20; 22B Am. Jur. 2d *Deeds* § 21. Because the 2018 deed to M/G Enterprises was invalid, Mr. Minshall cannot use estoppel by deed to create an interest in the Subject Property. *See Gilstrap*, 2005 WY 21, ¶ 25, 106 P.3d at 865–66. The district court did not err when it found the last valid deed transferred the ownership of the Subject Property to Ms. Quinn subject to probate by her estate.[2]

## CONCLUSION

[¶15] The district court did not err when it found there was no valid deed transferring title from Ms. Quinn to Mr. Minshall's company because M/G Enterprises—or M/Q Enterprises or M-Q Enterprises—was incapable of taking title to the Subject Property and therefore the doctrine of estoppel by deed had no application. We affirm.

---

[2] Mr. Minshall claims "[i]n 2008, Ms. Quinn agreed to convey title to the [Subject Property] to "M/Q Enterprises, EIN 26-2800542" if [he] constructed a 30' by 50' foot steel building on the [Subject Property]." He states although there was a document entitled contract and dated 2006, Ms. Quinn "never conveyed the property to M-Q or M/Q Enterprises." In referencing the document entitled "contract," Mr. Minshall concedes "M/Q Enterprises does not exist as a legal entity" and M-Q Enterprises has "never been incorporated or made a Limited Liability Company in Wyoming or any other state." Any transfer of the Subject Property to M-Q Enterprises or M/Q Enterprises would suffer from the same defect because M-Q Enterprises and M/Q Enterprises have no legal existence and any transfer to those entities would be void. *See generally* 26A C.J.S. *Deeds* § 20; 22B Am. Jur. 2d *Deeds* § 21.