[Civ. No. 5241. Fourth Dist. Jan. 4, 1956.]

F. L. BURNS et al., Respondents, v. DONALD L. GRABLE, as Administrator With the Will Annexed, etc., et al., Appellants.

G. W. Grable and Louise Grable, in pro. per., and Russell H. Reay for Appellants.

F. W. Audrain, Robert Van Buskirk, Jack M. Lasky and S. Rex Lewis for Respondents.

GRIFFIN, J.—Plaintiffs and respondents F. L. Burns and wife brought this action against defendants and appellants Donald L. Grable, individually and as administrator of the estate of Sidney L. Beach, deceased, and G. W. Grable and Louise Grable, husband and wife, individually and as trustees of the Sidney L. Beach trust, to quiet title to two lots in San Bernardino County, and allege that they were the owners and in possession thereof and that defendants and appellants claim some right, title and interest therein. The prayer is that it be adjudged and decreed that plaintiffs are the owners thereof; that their title is good and valid and that defendants be barred from asserting any title thereto. There is a general prayer for equitable relief.

Defendant Donald L. Grable, individually and as administrator, filed a separate answer, denied generally the allegations of the complaint, and as a separate defense alleged that one Sidney L. Beach was the owner of the described property and that by his demise his estate became the owner thereof and that the property was then being held by defendants G. W. Grable and wife as trustees of said Sidney L. Beach trust; that said trustees under said trust conveyed this property by grant deed to plaintiffs herein in violation of its terms and without right or authority, and that plaintiffs were fully aware of this fact. In conjunction therewith he filed a cross-complaint against plaintiffs and G. W. Grable and Louise Grable, as trustees, alleging these facts and claims that plain-

tiffs hold title to said property only as involuntary trustees for the estate of Sidney L. Beach, deceased. The prayer is that it be so declared and that plaintiffs be compelled to reconvey the property to said estate and to quiet title against plaintiffs.

Defendants G. W. Grable and Louise Grable, by answer to the cross-complaint, deny that they ever were trustees of said trust, because said trust was invalid. Accordingly they claim that they had no authority to transfer said property to the plaintiffs and were therefore resulting trustees only for the estate of Sidney L. Beach; that the trust instrument was recorded in San Bernardino County in 1950, and plaintiffs took such property with full notice of the invalidity of the trust. They pray that title to said property be transferred to them as such resulting trustees. By way of cross-complaint they allege that cross-defendant Security Title Insurance Company insured plaintiffs as beneficiaries in a title policy in the sum of $12,500, the sale price of the property; that since the title to the property in plaintiffs is invalid it be decreed said resulting trustees be declared to be beneficiaries thereunder; and that judgment be entered in their favor against said title company for $12,500.

By way of answer to this cross-complaint it is alleged by plaintiffs that the trustees are estopped from denying plaintiffs' title to said property and from claiming that title thereto did not pass to plaintiffs by virtue of their grant deed. In answer to the cross-complaint of Donald L. Grable, individually and as administrator, plaintiffs allege that he is barred from asserting any defense to this action by reason of the statute of limitations (Code Civ. Proc., § 338, subd. 4) and that he is estopped from denying the authority of the trustees to perform acts under the said trust for several reasons and particularly because he ratified previous acts of the trustees and accordingly may not disaffirm certain acts unfavorable, and ratify others which are favorable to said trust estate.

On August 27, 1954, the court denied a motion of the trustees for judgment on the pleadings. On December 29, 1954, G. W. Grable filed an affidavit in support of his oral motion to abate the action predicated upon the ground that Sidney L. Beach, on June 5, 1952, filed an action in the Superior Court of Los Angeles County in which he sought declaratory relief as to whether a written trust created by him was valid or invalid, and for an accounting of the trustees, if it was held to be invalid. It is averred that G. W. Grable,

his wife and the beneficiaries under the trust were joined as parties in said action; that after the hearing, the trial court signed a memorandum of its ruling stating that "The court is prepared to hold that the trust involved is invalid for the reason that it violates the rule against perpetuities . . . The trust will therefore be dissolved and defendant trustees ordered to make accounting." Before this decision Beach died, Grable was appointed administrator, and was substituted in said action.

On December 30, 1954, this action came on for trial and the judge granted a motion of Attorney Reay to "abate the cross-complaint pending determination upon further action." (The effect of this order is not clear to us.) The further trial of the action was continued to January 6, 1955, and at that time defendant G. W. Grable testified under section 2055 of the Code of Civil Procedure. Certified copies of the declaration of trust, grant deed, escrow instructions, and other documents were received in evidence without passing judgment on their validity. A grant deed dated September 13, 1949, was received in evidence as defendant Donald Grable's exhibit. Other witnesses were called by plaintiffs and after certain stipulations of fact between counsel, plaintiffs rested their case. ██ Some confusion exists as to whether defendants and appellants then submitted the entire case for decision or were, as claimed by the appellants for the first time in their briefs on appeal, merely presenting a motion for nonsuit and later expected to produce further evidence. Before proceeding further we will set forth the record pertaining to the motion after plaintiffs rested their case. The reporter's transcript reflects the following dialogue between the court and counsel for defendants and appellants, and G. W. Grable and his wife, who were then and at all times, appearing in propria persona:

"MR. REAY: Your Honor, I don't believe that the defendant administrator has any evidence to introduce. I believe it is just a question of the legality of the documents before this Court, so I am going to move for a judgment on behalf of the defendant administrator. I am willing to submit that, Your Honor.

"MR. GRABLE: I agree with that, Your Honor.

"THE COURT: Very well, do you make the same motion?

"MR. GRABLE: Yes, sir.

"THE COURT: . . . I may have involved him in something

he didn't intend. You make the same motion on behalf of yourself, is that it?

"Mr. Grable: Yes.

"The Court: Rather than—a motion was made by Mr. Reay with respect to the administrator and now you are making the motion with respect to yourself?

"Mr. Grable: That is correct.

"The Court: And your wife too; is she a party?

"Mr. Grable: Yes, that is correct.

"The Court: Very well.

"Mr. Reay: May I also make a motion for nonsuit to—I think that would better protect the rights of the plaintiff, whatever equities the plaintiff might have in this case. I think we would prefer to make a motion for a nonsuit, Your Honor.

"The Court: Very well.

"Mr. Reay: I might make a preface then with this remark, Your Honor: I believe there is equities in this case, but I don't believe the plaintiff has filed the proper proceedings before this Court to get those equities before Your Honor, and I therefore would change to a motion for the nonsuit.

"The Court: Very well. You want to make the same motion, Mr. Grable?

"Mr. Grable: Yes, the same motion."

Thereafter briefs were submitted and on February 17, 1955, a minute entry was made: "In the above-entitled action, heretofore submitted, the court now makes the following ruling and written opinion: Judgment for plaintiff." There was no direct statement in the record that the trial judge ruled on the motion for nonsuit. However, the inference must be that he denied it because he filed a written memorandum opinion on February 17, 1955, setting forth in general terms his reason for entering judgment for plaintiffs quieting their title to the property. Otherwise, had a judgment of nonsuit or dismissal been granted in favor of defendants no such findings would have been necessary. (9 Cal.Jur. p. 565, § 40.) On March 4, 1955, he signed written findings reciting that the "cause" came on for "trial" on January 6, 1955, and the parties were personally present or represented by counsel; that "trial" of the cause was "duly had and evidence both oral and documentary was received, and all things having been duly presented to the court, the court now makes the following findings of fact." Thereafter, the court concluded that plaintiffs were the owners of the property and defendants had

no right to it. A decree was entered accordingly. Defendants appeal from the decree. No motion for new trial was made and apparently no objections were made in the trial court whereby the trial judge's attention might have been called to the claim which appellants now make for the first time on appeal that the trial judge was only ruling on a motion for nonsuit. Ordinarily, objections to failure of the court to receive evidence at the trial should not be urged for the first time on appeal. (*Hession* v. *City & County of San Francisco*, 122 Cal.App.2d 592, 605 [265 P.2d 542].) From the record it might well be understood that the trial court believed, as stated by counsel and acquiesced in by defendants, that even though the nonsuit should not be granted, the parties had no further evidence to offer, and that "It is just a question of the legality of the documents before this court."

The facts shown were that G. W. Grable and Louise Grable were appointed trustees in a declaration of trust dated September 15, 1949, and recorded in San Bernardino County February 20, 1950; that on April 5, 1950, while they were acting as trustees under the Sidney L. Beach trust, they purported to purchase the herein concerned real property from one Clark and wife naming the "Sidney L. Beach Trust" therein as grantee; that at that time they, as trustees, executed a purchase money deed of trust in favor of the Clarks in the sum of $11,000; that they, as trustees, then purported to sell that real property to the plaintiffs by grant deed for the sum of $12,500; and that $11,319.31 of this money was used to pay the balance due on the purchase money deed of trust from the escrow involved in this transaction. It also appears that when the validity of the trust and accordingly the grant deed involved herein arose, plaintiffs, to perfect their record title, also obtained a quitclaim deed from the Clarks, predicated upon the claim that if the Sidney L. Beach trust was invalid and no authority was vested in the trustees to convey the property here involved, there was likewise no authority in said trust or trustees to be named the grantee under the Clark grant deed, and accordingly, that deed being void, plaintiffs acquired title from the Clarks under this quitclaim deed.

Defendants further contend that the trust agreement conclusively shows, upon its face, that it is invalid for the reasons expressed; that the trustees thereunder were, accordingly, without power or authority to execute the grant deed here involved and that under the decisions it was void; that a result-

ing trust is presumed; that by the recording of the trust agreement, as alleged, plaintiffs had constructive notice of its invalidity; that Grables had a vested right to the money due on the policy of title insurance; that the Los Angeles court, under the comity rule, was vested with exclusive jurisdiction to determine in that action the rights of all parties involved pertaining to the validity of the trust; and that the defense of estoppel is not applicable under the facts existing. In support of these contentions they cite such authorities as *Frink* v. *Roe*, 70 Cal. 296, 313 [11 P. 820]; sections 1213 and 2243 Civil Code; 14 California Jurisprudence page 531, section 86; *Cutting* v. *Bryan*, 206 Cal. 254 [274 P. 326]; *Wood* v. *American Nat. Bank*, 125 Cal.App. 248 [14 P.2d 110]; and 41 American Jurisprudence page 107, section 65.

G. W. Grable testified that all of his acts in dealing with the property were performed in good faith and were based on the assumption that he had full authority to perform said acts and to sell the real property herein concerned. Plaintiffs were of the same belief and went into possession of it and spent a considerable sum in its improvement.

As stated before, the court found generally that plaintiffs were the owners and in possession of the property; that defendants claim some title thereto adverse to plaintiffs but said claims are groundless and without right; that plaintiffs paid defendants $12,500 for it; that the sale was made by defendants in good faith and plaintiffs took possession of the land and improved it; that defendants now seek to deprive the plaintiffs of said land through a court of equity without offering to do equity, and that Sidney L. Beach created the situation of which he now, through his personal representative, seeks to take advantage, to the detriment of those who in good faith parted with $12,500. Defendants were barred from ever asserting any claim to it.

It is not clear from the findings upon what basis or theory the court quieted plaintiffs' title to the property in question. Of course, if the Sidney L. Beach trust was lacking in capacity to become a grantee under the Clark deed, as contended by defendants, then plaintiffs' title under the quitclaim deed from the Clarks was sufficient to support the judgment in their favor. See *Rixford* v. *Zeigler*, 150 Cal. 435, 437 [88 P. 1092, 119 Am.St.Rep. 229], where it is said that "a deed of conveyance is void unless the grantee named is capable of taking and holding the property named in the deed; and the general rule also is that to make a deed effective the grantee

must be a person, either natural or artificial, capable of taking and holding the property." See also *Schade* v. *Stewart*, 205 Cal. 658 [272 P. 567].

It might appear from the findings that it was upon the theory that defendants were estopped to question the validity and effect of the grant deed from the trustees under the circumstances related. There is some indication that the trust, in some respects, violated the rules of perpetuity.

The trust authorized the trustees to (1) "build up" the trust, to buy and sell any property for the benefit of the trust estate, and execute deeds accordingly; (2) the net income available for distribution was to be distributed in monthly or other convenient installments for the benefit of (A) Louise Grable, 51 per cent, or in case of her death to be distributed according to her will or to her heirs in case no will was left; (B) 49 per cent to be divided between the children of Louise Grable, after they became 25 years of age, with right of representation. It then provides that at the end of 25 years the trust shall cease and the trust estate shall be distributed to a Sidney L. Beach Corporation to be subsequently formed and stock issued to the beneficiaries as follows: 51 per cent to Louise Grable, if living, and if not, to certain other persons; 49 per cent to her then living children and to the issue of any deceased child by right of representation.

It does not affirmatively appear that the ruling of the trial court in the Los Angeles action became a final judgment disposing of the claim here presented. Accordingly, it could not be set up as a final determination of the question presented in this action. Plaintiffs here were not parties to that action and were not necessarily bound by the memorandum opinion.

At the time of the creation of the trust Sidney L. Beach deeded considerable real property to said trust. The trustees, by the terms of the trust, were to accumulate an income trust fund and pay taxes and assessments on the property and also pay hospital and medical expenses of certain beneficiaries from that source. The real property here in question was subsequently purchased by the trustees and was soon thereafter sold by them for the purpose of "building up" the trust fund from which source the distribution was to be subsequently made. There are many California cases upholding the validity of interim or prior estates regardless of the invalidity of future dispositions. They bear particularly around the fact of the spendthrift character of the trust and the courts generally find that the valid portions will be disturbed only if

the elimination of the invalid provision will defeat the entire purpose of the trust. (*Estate of Troy,* 214 Cal. 53 [3 P.2d 930] ; *Estate of Gardiner,* 45 Cal.App.2d 559 [114 P.2d 643] ; *Estate of Micheletti,* 24 Cal.2d 904 [151 P.2d 833] ; *Otto* v. *Union Nat. Bank,* 38 Cal.2d 233 [238 P.2d 961].)

The facts here reveal and these cases support the proposition that the Sidney L. Beach trust was, in any event, valid at the time of the execution of the grant deed in question. It authorized the trustees, for the 25-year term, to buy and sell real property for the purpose of building up the trust, and in carrying out the spendthrift trust income provisions which are severable from the future disposition clauses. The profit from the sale of the property here in question became an interim estate of the trust and was distributable under its provisions which, at the time, were considered valid by all parties. The invalidity, if any, was discovered later and consisted of certain separable provisions in reference to the distribution of the remainder upon the happening of certain events or failure of such events to happen, and these claimed invalidities were not discovered by the parties until after the transaction in question had been completed in good faith. The trust received and retained the benefits of the full amount of the purchase price, and plaintiffs had been put in possession and had performed some improvement work on the property before the trustees ever questioned the validity of that transaction.

█ It is the rule that no agreement of the parties and no plea of estoppel can result in the creation or maintenance of an interest or estate which is prohibited by law, but there is authority for the statement that one may become estopped to question the acts of the past done with his consent, as in the expenditure or distribution of trust funds or, under the doctrine of res judicata, may have questions conclusively determined against him, or by deed or transfer, or the like, may surrender all interest in property affected so as to have no standing to litigate anything in reference to it. (41 Am.Jur. 107, § 65 ; Perpetuities and Restraints on Alienation, 70 C.J.S. 684, § 81.) See 162 A.L.R. pp. 162-163, where it is said: ''Certain cases serve to emphasize the important difference between questioning past distributions of property or money, acquiesced in, and contesting limitations for the future.'' It quoted from a cited case and said: ''The substance of the ruling seems to be that the residuary legatee could not question what from time to time had been done, with his acquiescence, in the distribution of income, although upon discovery of the

invalidity of the trust, and prior to its validity or invalidity having been determined, he could question the trust as to further acts of the trustees.''

From our research it appears that the California courts have not had occasion to directly apply the doctrine of estoppel as to past acts in relation to such trustees. However, the cases are numerous where the estoppel doctrine has been applied in analogous cases. See Estoppel and Trust situations mentioned in 25 California Jurisprudence page 216, section 84, where it speaks of comparative knowledge as the basis of responsibility:

''The evidence showing, in a suit to enforce the trust against the transferee, that the subject matter of the trust was transferred by the trustee to the defendant for a valuable consideration, and hence that loss must be borne by one of the parties, the situation permits of and requires an application of the fundamental rule which declares that where one of two more or less innocent parties must suffer a loss, the loss shall be borne by the party who had the better opportunity to foresee the dilemma and to prevent it from arising. . . .'' (See also *Crittenden* v. *McCloud,* 106 Cal.App.2d 42, 49 [234 P.2d 642].)

██ It appears to us that this is a situation where all the parties concerned may have innocently committed some error, if any error was committed, which alleged error was that, as a matter of law, the Sidney L. Beach trust violated, to some extent, the rule against perpetuities; that Beach created the trust ostensibly intending to create a valid trust and to clothe the trustees with the power of sale; that plaintiffs relied upon Beach's creation and accordingly Beach or his trust should not be permitted to profit through the alleged mistake of law he made and into which alleged mistake of law he led the plaintiffs. No offer to return the purchase price is indicated. *A fortiori* the trustees have no legal or equitable grounds to deny the plaintiffs' title.

██ The record does not expressly show that the trial judge ruled on G. W. Grable's oral motion to abate the action due to the filing of the previous action in Los Angeles County. Suffice it to say plaintiffs here were not made parties to that action and under the reasoning here indicated plaintiffs were entitled to proceed with the present action without violating any comity rule. No prejudicial error resulted in this respect.

The court's ruling in granting Attorney Reay's motion to ''abate the cross-complaint pending determination upon fur-

ther action" has confused us as to its effect. Assuming it refers to the cross-complaint of Donald L. Grable, as administrator, against plaintiffs and cross-defendants G. W. Grable and wife, as trustees, and assuming that the order only deferred consideration of it until the rights of plaintiffs had been determined in the present action, it must be presumed, in support of the judgment entered, that the court fully considered the cross-complaint and found against cross-complainants and in plaintiffs' favor in respect to the issue presented. Its prayer was that it be declared that plaintiffs and cross-defendants hold title to the property only in trust for the estate and to have cross-complainants' title quieted accordingly.

It is true that the findings do not directly dispose of the issues presented by G. W. Grable's cross-complaint in which the Security Title Insurance Company is made a party defendant and in which cross-complainants claim they, as trustees, were entitled to $12,500 on the policy of title insurance issued to plaintiffs, because of the alleged invalidity of the title. Since the finding that the title was not invalid is sufficiently supported by the evidence, no relief could have been given in their favor on the cross-complaint. No prejudicial error resulted.

Decree affirmed.

Barnard, P. J., and Mussell, J., concurred.

Petitions for a rehearing were denied January 27, 1956, and appellants' petitions for a hearing by the Supreme Court were denied February 29, 1956.