[Civ. No. 5712. Fourth Dist. Oct. 30, 1958.]

G. W. GRABLE et al., Appellants, v. CITIZENS NATIONAL TRUST AND SAVINGS BANK OF RIVERSIDE (a National Banking Corporation), Respondent.

*Assigned by Chairman of Judicial Council.

G. W. Grable and Louise Grable, in pro. per., for Appellants.

F. W. Audrain and Jack M. Lasky for Respondent.

COUGHLIN, J. pro tem.*—This is an action for damages. On January 4, 1951, the plaintiffs, as trustees of the Sidney L. Beach trust, borrowed $17,500 from the defendant; executed a note therefor; and secured payment of the note by a need of trust upon certain real property in San Bernardino County. In connection with this transaction the Security Title Insurance and Guarantee Company issued a policy of title insurance, insuring the defendant, together with its successors in interest, against loss or damage, not exceeding $17,500, by reason of any defects in the execution of the aforementioned deed of trust or in the title of said trustees, as

well as certain other specified causes. This policy of insurance was paid for by the plaintiffs as a condition of their loan. Subsequently, the plaintiffs furnished the defendant with a copy of a minute order by a judge of the superior court in Los Angeles County indicating his intention to hold that the Sidney L. Beach trust was void because it violated the rule against perpetuities. This was in an action for declaratory relief by the trustor against the trustees. Thereupon, the defendant assigned its note and deed of trust to the Security Title Insurance and Guarantee Company for the unpaid balance due thereon.

The claims of plaintiffs are difficult of ascertainment with the exception that they believe the defendant should pay them $17,500, and ask for judgment accordingly. This demand, apparently, is based on the contentions that the plaintiffs, as well as the defendant, were insured under the policy of title insurance in question; that the money received by the defendant on its assignment of the note and deed of trust to the title company constituted a payment of "insurance" under the title policy; that the defendant has withheld plaintiffs' share of this "insurance"; that such assignment was improper because the title company has refused to defend the validity of the trust which has resulted in forcing "plaintiffs to defend said trust alone for over seventeen months at tremendous expense and sacrifice"; that as a result of the assignment the title company has brought an action to quiet title in it to the property in question; and that the defendant impliedly agreed to assign to the plaintiffs any claim for loss which the defendant might have against the title company.

At the trial of the action the parties stipulated that the undenied allegations of the complaint be deemed to be true; that certain exhibits be marked and admitted into evidence; and that the cause be submitted without further testimony.

The trial court found in favor of the defendant. Judgment was entered accordingly. The plaintiffs appeal.

It was alleged in the complaint, and denied, that money due upon a loss covered by the title policy in question was payable to plaintiffs as the insured; that they were the actual insured parties. There is no evidence in support of these allegations; they are obviously contrary to the express provisions of the policy; the trial court found them to be untrue; this finding was correct. Moreover, there is no evidence that any money ever became payable under the policy which was issued to insure the defendant against loss. The money received by

the defendant from the title company was in payment of the assignment of its note and deed of trust.

The title policy in question did not insure against loss to the plaintiffs resulting from a defect in their title; only against loss sustained by the defendant resulting from such defect.

There is no evidence in this case which would support a finding of any equitable or implied assignment of any rights of the defendant under this policy; to any of the proceeds payable thereunder; or to any of the money received by it from the transfer of the note and deed of trust. Any contention of the plaintiffs based on these theories is without merit.

The major portion of the plaintiffs' briefs is devoted to a consideration of their contentions that the Sidney L. Beach trust is void because it violates the rule against perpetuities; that consequently, the title to any property held by them as trustees and any deed of trust executed thereon by them are invalid; and that they relied upon the defendant as their escrow agent and as beneficiary under the deed of trust, to determine the invalidity of said trust. The complaint contains allegations to this effect, which the answer denied; some of the exhibits introduced, however, related to the issue of invalidity; the trial court found the allegations untrue. This decision was correct. The Sidney L. Beach trust was not invalid at the time of the transaction involved in this case, and any theory of recovery based on an alleged invalidity thereof at that time is without merit. The plaintiffs were appointed trustees by a declaration of trust dated September 15, 1949, for a period of time permitted by law. In January, 1951, as such trustees, acting within the authority conferred upon them by the trust agreement, they borrowed the money and executed the note and deed of trust in question. At this time the trust was valid even though it be assumed that certain separable provisions thereof respecting future dispositions were invalid. (*Burns* v. *Grable*, 138 Cal.App.2d 280, 287 [291 P.2d 969]; *Estate of Micheletti*, 24 Cal.2d 904, 909 [151 P.2d 833]; *Estate of Troy*, 214 Cal. 53, 59 [3 P.2d 930]; *Estate of Gardiner*, 45 Cal.App.2d 559, 565 [114 P.2d 643].)

In their closing brief plaintiffs state: "Neither the San Bernardino County Superior Court, the Riverside County Superior Court or the Fourth District Court of Appeal have jurisdiction to determine any issue relating to the validity of the Sidney L. Beach Trust." From the plaintiffs' opening

brief it appears that the trustor of the Sidney L. Beach trust, in 1952, filed an action in the superior court in Los Angeles County, asking for a determination of the validity of that trust, and named the plaintiffs in this case as defendants. In ruling on a demurrer to a cross-complaint, which had been filed by said defendants, the court in Los Angeles caused an order to be entered in its minutes which stated, among other things: "On the issue heretofore submitted, the court is now prepared to hold that the trust involved is invalid for the reason that it violates the rules against perpetuities. The trust will therefore be dissolved and defendant trustees ordered to make accounting. The matter of accounting and further proceedings will be set for hearing . . ." The defendant in the case at bar was not a defendant in the Los Angeles case. The alleged cause of action in the instant case was not the cause of action before the court in Los Angeles. Any contention that the superior court in Los Angeles County had exclusive jurisdiction of the cause now before this court, obviously, is without merit.  ▉  Neither does the doctrine of res adjudicata apply. The minute order declaring that the judge in the Los Angeles case was "prepared to hold that the trust involved is invalid" was not a final order or judgment. There is no showing that the case was ever concluded. ▉ The doctrine of res adjudicata is applicable only to issues which have been determined by final order or judgment. (*Pellissier* v. *Title Guarantee etc. Co.*, 208 Cal. 172, 184 [280 P. 947].) "It is not effective when there has been as yet no final judgment on all the issues between the parties." (*Pillsbury* v. *Superior Court*, 8 Cal.2d 469, 472 [66 P.2d 149].) ▉ An opinion of the judge, or an order for judgment is not a judgment. (*Prothero* v. *Superior Court*, 196 Cal. 439, 443 [238 P. 357]; *City of Los Angeles* v. *Hannon*, 79 Cal.App. 669, 672 [251 P. 247]; *United Taxpayers Co.* v. *City & County of San Francisco*, 55 Cal.App. 239, 243 [203 P. 120].) ▉ The minute order under consideration merely indicated the court's intention to find that the trust was invalid and to proceed with the action accordingly. It was not a final judgment. The case of *Orton* v. *Daigler*, 120 Cal.App. 448 [8 P.2d 161], cited by plaintiffs is not analogous. ▉ Moreover, any order or judgment in the Los Angeles action would not be res adjudicata upon the issue of the validity of the trust in this case as the defendant here was not a party to that action. (*Bernhard* v. *Bank of America*, 19 Cal. 2d 807 [122 P.2d 892].)

. Finally, in their closing brief, by way of summary the plaintiffs said: "The issues involved in this action arise from the unauthorized action of defendant in instituting legal proceedings in San Bernardino County against plaintiff for the recovery of trust property over which the Los Angeles court had jurisdiction. . . . The damages to plaintiffs' business interests resulting from the adverse effect resulting from the legal proceedings in San Bernardino Superior Court are the issues to be determined in this court."

Although the complaint in this case presents a labyrinth of legal theories, none of them include that proposed in this summary. Moreover, there is no evidence to support such a theory even if it were legally sound.

We have examined the entire record and find no error by the trial court.

The judgment is affirmed.

Mussell, Acting P. J., and Shepard, J., concurred.