[Civ. No. 24361.   Second Dist., Div. Two.   Apr. 26, 1960.]

DONALD L. GRABLE, as Administrator with the Will Annexed, etc., Plaintiff and Appellant, v. G. W. GRABLE et al., Defendants and Appellants; CITIZENS' NATIONAL TRUST AND SAVINGS BANK OF RIVERSIDE et al., Respondents.

Russell H. Reay for Plaintiff and Appellant.

G. W. Grable and Louise Grable, in pro. per., for Defendants and Appellants.

Harold W. Kennedy, County Counsel (Los Angeles), Robert A. Von Esch, Jr., Deputy County Counsel, F. W. Audrain, Jack M. Lasky, O'Melveny & Myers, Sidney H. Wall and Rodney K. Potter for Respondents.

KINCAID, J. pro tem.*—Plaintiff as administrator of the estate of the deceased trustor under a declaration of trust, and defendants and cross-complainants, G. W. Grable and Louise Grable, individually and as trustees under said declaration of trust, separately appeal from a judgment declaring and decreeing that respondents (defendants to whom the

*Assigned by Chairman of Judicial Council.

trustees sold and transferred various properties of the trust and sometimes hereinafter referred to as the transferee defendants) have no duties nor liabilities to plaintiff or to the defendant trustees with respect to properties of the trust sold and conveyed to them by the defendant trustees; and that neither plaintiff nor the defendant trustees have any right to or interest in said properties.

The pertinent facts, insofar as relate to the judgment rendered herein in favor of respondents from which the appeals have been taken, are the following.[1]

Sidney L. Beach during his lifetime in 1949 transferred certain properties to G. W. Grable and Louise Grable, as trustees, pursuant to and for the purposes set forth in a declaration of trust. The respondents herein, as previously alluded to, are purchasers for value to whom the trustees later sold and conveyed certain properties of the trust.

In 1952, said Beach commenced this action for the purpose of having the said trust declared invalid and of having the rights, duties and liabilities of the parties thereto (i.e., the trustees, beneficiaries and himself) declared and determined.[2] The essence of his complaint was that said trust violated the rule against perpetuities and also the prohibitions against restraints on alienation and was, therefore, invalid and void.

In the original complaint, the trustees and beneficiaries were the said defendants. The original complaint made no mention of sales by the trustees of trust property; nor did it name or make as parties defendant any of the persons to whom the trustees had sold and transferred properties of the trust.

Answer and cross-complaint were filed by the trustees and certain of the beneficiaries; and Beach demurred to said cross-complaint.

On the hearing of said demurrer in 1953 (which was prior to the time when the transferee defendants [respondents]

[1]It is unnecessary to review the facts relative to the controversy *inter se* between plaintiff and the trustees-beneficiaries of the trust, since the judgment only adjudicated the controversy between plaintiff and the trustees-beneficiaries on the one hand and the respondents on the other hand and since jurisdiction was expressly reserved for the purpose of later determining the respective rights of plaintiff and of the trustees-beneficiaries *inter se*.

[2]After Beach's death, the present plaintiff as administrator of Beach's estate, was duly substituted as party plaintiff in the action in his place and stead.

were made parties to the action), the trial court sustained the demurrer to said cross-complaint; and, in its "Memo of Ruling" and "Minute Order," it stated: "On the issue heretofore submitted, *the court is now prepared to hold* that the trust involved is invalid for the reason that it violates the rule against perpetuities. The trust will therefore be dissolved and defendant trustees ordered to make accounting. The matter of the accounting and further proceedings will be set for hearing at the convenience of counsel or upon five days notice." (Emphasis added.)

Also in the interim before the transferee defendants (respondents) were made parties to the action at bar, another action involving the validity of the identical trust was instituted by one Burns et ux., in the Superior Court of the County of San Bernardino for the purpose of quieting the title to certain real property which had been conveyed to Burns et ux., by G. W. Grable and Louise Grable as trustees of said Beach trust. In said action, Burns et ux. (two of the transferee defendants herein) were the plaintiffs; and Donald L. Grable, as administrator (plaintiff herein) and G. W. Grable and Louise Grable (the defendant trustees herein) were the defendants.

Said action was titled *Burns* v. *Grable*; and the decision therein on appeal is reported in 138 Cal.App.2d 280 [291 P.2d 969]. As hereinafter further explained, the transferee defendants (respondents) contended below, and the trial court found, that the decision on appeal in *Burns* v. *Grable* was res judicata against plaintiff and the defendant trustees as to the validity of the trust insofar as the power and right of the trustees to make the sales and transfers to the transferee defendants is concerned. *Burns* v. *Grable* and the respective contentions as to whether or not it is res judicata will be considered more fully hereinafter.

Subsequent to the aforestated interim developments, plaintiff filed an amended and supplemental complaint in this action wherein he joined and made the transferees of the trustees (respondents) parties defendant for the first time and wherein he also sought to have declared void the conveyances of properties made to the transferee defendants by the trustees.

Answer thereto and cross-complaint were filed by the trustees wherein they alleged inter alia that the aforesaid "Memo of Ruling" and "Minute Order" of 1953 was a final judgment adjudging the invalidity of the trust. Further, answers were filed by the transferee defendants (respond-

ents), and in some instances certain of said transferee defendants cross-complained to quiet title. The answers of the transferee defendants raised various and differing affirmative defenses; but all of said answers raised as an affirmative defense the claim that the decision on appeal in *Burns* v. *Grable* is res judicata in this action.

Subsequently, the parties stipulated that, at the trial, the issue as to whether the 1953 "Memo of Ruling" and "Minute Order" constituted a binding final and conclusive determination of the invalidity of the trust and the issue as to whether the decision in *Burns* v. *Grable* was res judicata, should be submitted and determined prior to the presentation of evidence relative to any other issues presented by the pleadings.

Later and after the trial judge had indicated by letter to counsel that he was of opinion that the 1953 memo of ruling and minute order were not final or binding and that the decision in *Burns* v. *Grable* was res judicata, the parties entered into and filed a supplemental stipulation of facts setting forth all additional facts which were necessary to enable the trial court to adjudicate all issues between appellants and respondents and to render final judgment in the action insofar as the respective rights between appellants and respondents were concerned.[3]

Thereupon the trial court made its findings of fact and conclusions of law and rendered judgment as aforestated in favor of the transferee defendants, the respondents herein. The trial court in essence found and concluded, insofar as is material on this appeal, that the 1953 ruling and minute order did not constitute a final judgment and did not adjudicate the invalidity of the trust or any matter insofar as the transferee defendants (respondents) are concerned; and that the decision in *Burns* v. *Grable* was res judicata against plaintiff and the defendant trustees as to the validity of the trust insofar as the power and right of the trustees to have made the sales and transfers herein to the transferee defendants (respondents) is concerned.

---

[3]Appellants' incidental contention that the trial court should not have proceeded to render judgment without further trial is therefore, devoid of merit. It clearly appears from their aforestated actions and from the filing of the supplemental stipulation of facts that appellants and respondents submitted all issues between them *inter se* for final determination by the trial court; and that the only controversy requiring further trial was that between plaintiff and the trustees-beneficiaries as to which the trial court reserved and retained jurisdiction.

Judgment was accordingly rendered that the transferee defendants (respondents) had no duties or liabilities to plaintiff or to the defendant trustees; and that neither plaintiff nor the defendant trustees had any right to or interest in the properties sold and conveyed by the trustees to the respondent transferee defendants.

As indicated in the aforestated summary, the only essential questions presented on this appeal are: (a) whether the said 1953 ruling and minute order constituted a final and conclusive judgment binding on the transferee defendants that the trust was invalid; and (b) whether the decision in *Burns* v. *Grable* was res judicata as to the validity of the trust insofar as the power and right of the trustees to have made the sales and transfers herein to the transferee defendants (respondents) is concerned.

It is obvious on the one hand that, if the 1953 ruling and minute order constituted a final judgment binding on the transferee defendants that the trust was invalid and conferred no power of sale in the trustees, the sales and conveyances to the transferee defendants would likewise be invalid, unless plaintiff and the defendant trustees should perhaps be estopped from questioning the transfer. It is equally obvious on the other hand that, if the decision in *Burns* v. *Grable* conclusively establishes and determines that the said trust is valid insofar as the power and right of the trustees to make sales and conveyances is concerned and if it is res judicata herein, the judgment in favor of the transferee defendants must be affirmed, since appellants' appeals are based on the premise that the conveyances were invalid because the trust was invalid and since the stipulations of facts establish that the transferee defendants were bona fide purchasers for value.

The contention that the said 1953 ruling and minute order constituted a final judgment binding on the transferee defendants and determined the invalidity of the trust is entirely without merit.

First, the language used (i.e., ". . . the court is now prepared to hold that the trust involved is invalid. . . .") evidences on its face that the ruling and order was not intended to be, and was not, a final judgment. In considering similar contention in *Grable* v. *Citizens Nat. Trust & Sav. Bank,* 164 Cal.App.2d 710, 714 [331 P.2d 103], the appellate court therein stated: "The minute order declaring that the judge . . . was 'prepared to hold that the trust involved is invalid' was not a final order or judgment. . . .

The doctrine of res adjudicata is applicable only to issues which have been determined by final order or judgment. [Citation.] . . . ▇ An opinion of the judge, or an order for judgment is not a judgment. [Citations.] The minute order under consideration merely indicated the court's intention to find that the trust was invalid and to proceed with the action accordingly. It was not a final judgment. . . ."

▇ Secondly, said ruling and minute order, in any event, cannot be considered as binding or conclusive against the transferee defendants (respondents), since they were not parties to the action when said ruling and minute order were made as hereinbefore shown. ▇ It is fundamental that an order or judgment is only res judicata as to the person against whom the doctrine is asserted where such person was a party to the action in which the order or judgment was made (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 810-811 [122 P.2d 892] ; *Grable* v. *Citizens Nat. Trust & Sav. Bank, supra*) ; and it is self-evident that a person cannot be considered to have been a party to an action at a time before he was named or made a party thereto. ▇ It is, therefore, inescapable that the said 1953 ruling and order, made at a time when the transferee defendants were not parties to the action, cannot be res judicata against said transferee defendants or binding on them.

Appellants' further contention that the decision in *Burns* v. *Grable* was not res judicata against them as to the validity of the trust insofar as the power and right of the trustees to have made the sales and transfers to the transferee defendants herein, is equally untenable.

The circumstance that the respondents (other than Burns et ux.) were not parties to *Burns* v. *Grable* is of no moment. ▇ Plaintiff and the defendant trustees were parties thereto; and, as held in *Bernhard* v. *Bank of America, supra,* 19 Cal.2d 807, 811-812 : "The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. . . . ▇ There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, . . . to the earlier litigation."

▇ It is also settled that the decision of an appellate court (i.e., the decision on appeal in *Burns* v. *Grable, supra,* 138 Cal.App.2d 280) falls within the purview of the doctrine of res judicata and is conclusive of the issues and matters deter-

mined by the appellate court. (*Phillips* v. *Patterson,* 34 Cal. App.2d 481, 485 [93 P.2d 807] ; *Lake* v. *Bonynge,* 161 Cal. 120, 127 [118 P. 535].) ▮ Further, it is also established that, where a decision is based on several alternative grounds (as the decision on appeal in *Burns* v. *Grable, supra,* was based), each said ground on which the decision is based is res judicata. (*Evans* v. *Horton,* 115 Cal.App.2d 281, 285, 286 [251 P.2d 1013].)

▮ Proceeding to a direct consideration of the decision on appeal in *Burns* v. *Grable, supra,* 138 Cal.App.2d 280, examination thereof shows that the appellate court therein, among other matters, held that the trustees had the power and right to sell and convey properties of the trust under the severable provisions of a valid interim spendthrift trust created by the declaration of trust.

In *Burns* v. *Grable,* the trustees sold and conveyed to Burns et ux. certain real property which the trustees had acquired in San Bernardino County after the creation of the trust. The issues raised were essentially the same as in the case at bar, namely, whether the trust was valid, and whether the trustees had power and right to sell and convey properties of the trust.

The following portion of the appellate court's decision (which appears at pages 287-288 of its opinion reported in volume 138 Cal.App. Reports, 2d Series) alone makes it manifest that it was determined therein that the trustees were invested with full power and right to make sales and conveyances during the 25-year term of a severable, valid interim trust estate created by the declaration of trust, even though the declaration of trust may possibly have created a remainder violative of the rule against perpetuities. The appellate court stated:

"There are many California cases upholding the validity of interim or prior estates regardless of the invalidity of future dispositions. They bear particularly around the fact of the spendthrift character of the trust and the courts generally find that the valid portions will be disturbed only if the elimination of the invalid provision will defeat the entire purpose of the trust. [Citations.] The facts here reveal and these cases support the proposition that the Sidney L. Beach trust was, in any event, valid at the time of the execution of the grant deed in question. It authorized the trustees, for the 25-year term, to buy and sell real property for the purpose of building up the trust, and in carrying out the spendthrift trust income provisions which are severable from

the future disposition clauses. The profit from the sale of the property here in question became an interim estate of the trust and was distributable under its provisions which, at the time, were considered valid by all parties. The invalidity, if any, was discovered later and consisted of certain separable provisions in reference to the distribution of the remainder upon the happening of certain events or failure of such events to happen, and these claimed invalidities were not discovered by the parties until after the transaction in question had been completed in good faith. . . .'' (*Burns* v. *Grable, supra,* 138 Cal.App.2d 280, 287-288.)

Appellants urge that the fact that the property sold to Burns et ux. was acquired by the trustees after the creation of the trust whereas the properties sold herein were properties originally conveyed by the trustor to trustees differentiates *Burns* v. *Grable,* from the case at bar. The claimed distinction is of no import nor consequence.

The decision clearly holds that the trustees, for the 25-year interim term, were invested with the power to sell and convey real property for the purpose of building up the trust and of carrying out the severable spendthrift trust provisions of the trust. Obviously such power is not and cannot be limited to sales and conveyances of after-acquired properties. The decision does not so hold; and, in fact, it clearly indicates that the only possible invalidity of the trust consists in the separable provisions with reference to the distribution of the remainder.

The decision in *Burns* v. *Grable,* therefore, conclusively determined the power and right of the trustees to sell and convey properties of the trust; and said decision is res judicata herein. Accordingly, it is unnecessary to consider other collateral, nonessential points discussed in the briefs. Reference is, however, made to the further discussion of the matter set forth in *Burns* v. *Grable, supra,* 138 Cal.App.2d 280, 288-289, and in *Grable* v. *Citizens Nat. Trust & Sav. Bank, supra,* 164 Cal.App.2d 710, 713.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied May 13, 1960, and the petition of plaintiff and appellant and defendants and appellants for a hearing by the Supreme Court was denied June 22, 1960.